# IN THE MATTER OF SUCESORES DE JOSÉ HER-NAIZ, Bankrupt.

Bankruptcy, No. 22.

A court of bankruptcy can administer on the estate of an individual part-ner who has not personally been adjudicated to be a bankrupt, and re-quire him to file schedules of his individual property.

Opinion filed July 14, 1908.

*Mr. Henry F. Hord,* for bankrupt firm.

*Mr. Willis Sweet,* for individual partner.

*Mr. William H. Hawkins,* for creditors.

RODEY, Judge, delivered the following opinion:

This cause has been pending in bankruptcy since September 26th, 1906. For reasons that appeared to us sufficient in the premises, on October 25th, 1907, we filed an opinion reversing the referee's holding in that regard, and reinstating a restrain-ing order against one of the bankrupts, and holding the latter, one Julian Munsuri, to be a general, instead of a special or limited, partner in the business. See 3 Porto Rico Fed. Rep. 202. On March 22d, 1908, or more than four months there-

*Matter of Hernaiz.*

after, the said Munsuri appeared by Messrs. Sweet, Rossy, & Campillo, and moved specially that all orders with reference to the individual property of the said Munsuri be vacated and set aside on the ground that the court was without jurisdiction in the premises.

This motion was supplemented with an exhaustive and able written argument and brief on the subject, to which a supplemental brief was thereafter added, and which was all replied to by counsel for the creditors in an equally elaborate written argument and brief, filed on March 30th, 1908. Still later, on June 1, 1908, counsel for Munsuri filed an additional motion to dismiss, setting out that this same partnership concern of Sucesores de José Hernaiz had had proceedings in involuntary bankruptcy directed against them in this court in June, 1903, and setting out that said Julian Munsuri had secured the withdrawal or dismissal of said proceedings by the payment, or, at least, by securing the assignment to himself, of practically all of the debts which the said partnership owed. On said same date, and supplemental to this latter motion, counsel for Munsuri also filed a motion that counsel for the creditors be required to show by what authority he represents any creditor in the premises.

Under the main motion first filed, as aforesaid, by counsel for Munsari, it is contended that this court never has had any jurisdiction of said Munsuri, because he is a nonresident and no personal service of any kind was had upon him. It is further contended that he was and is, under the Porto Rican law, a mere limited or special partner, and that his private property cannot be taken to pay the debts of the bankrupt concern.

We have given the matter quite careful consideration, and

### Matter of Hernaiz.

we see no reason to change the views expressed in our opinion of October 25th, 1907, aforesaid. We still think, for the reasons set out in that opinion, which it is not necessary here to repeat, that this court had full jurisdiction of the said Munsari, and further, that we were right when we held in and by that opinion that Munsuri was, under the laws of Porto Rico, a general partner in the business of the bankrupt concern, made so as to creditors by reason of his action concerning the business of the alleged limited partnership.

The other question raised by counsel for Munsuri, as to whether or not a court of bankruptcy, after a firm or partnership alone has been adjudicated a bankrupt, can draw to itself the individual property of the whole or either of the individual partners, and administer it in the same bankruptcy proceeding, is a decidedly more serious question.

We have been cited to the case of Re Bertenshaw, 17 L.R.A. (N.S.) 886, 85 C. C. A. 61, 157 Fed. 363, which was decided November 19, 1907, in the United States circuit court of appeals for the eighth circuit, before Judges Sanborn, Hook, and Philips. Judges Sanborn and Philips joined in the majority opinion, holding, as contended for here by counsel for Munsuri, that a court of bankruptcy, under the bankruptcy act of Congress of 1898, cannot administer upon the individual estate of a member of a bankrupt partnership when such partner has not been individually adjudicated a bankrupt, and holding that the trustee must bring an original proceeding against such individual partner. Judge Hook dissents vigorously. The two opinions show that the question under the present bankruptcy act is in a very unsettled condition. We will not quote from either opinion, as they can be consulted by anyone interested, but we

Matter of Hernaiz.

have given as careful consideration to the two sides of the proposition as we are capable of, and feel constrained to agree with Judge Hook. To our mind he gives much better reasons for holding that a court of bankruptcy, under our present bankruptcy law, can, at least, by requiring the individual partners not adjudicated bankrupts to file a schedule of their individual property with the trustee, administer upon the same to the extent required, and that is the procedure that has taken place here.

We therefore feel constrained to hold, and do hold, as before, that the court has complete jurisdiction in the premises. That Julian Munsuri is a general, and not a limited, partner in the bankrupt concern, having made himself so as to creditors by his own acts, and that he must file a schedule of his individual property with the trustee, as heretofore ordered, if he has not yet done so.

As to the other motion, that counsel for the creditors should file proof of his authority for appearing at all for any of them, or satisfy the court that he has such authority, we think, under all the circumstances, on the showing made as to Munsuri having procured an assignment of nearly all of the debts, that this request is reasonable. Therefore W. H. Hawkins, Esq., counsel for the creditors, is required to file such evidence of his authority in the premises within five days from this date.

The question as to whether or not most or any of the debts of this bankrupt concern have heretofore been paid by Munsuri is held in abeyance, and no opinion is expressed in that behalf at this time. Let proper orders be entered to carry out the views here expressed.